COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DARIE WAYNE SIMS, §

    Appellant, §

v. §

THE STATE OF TEXAS, §

    Appellee. §

§

No. 08-07-00023-CR

Appeal from the

194th Judicial District Court

of Dallas County, Texas

(TC# F-0663651-LM)

## O P I N I O N

  Darie Sims appeals his conviction for unlawful possession of a controlled substance. He was sentenced to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant argues he is entitled to a new trial because he was denied effective assistance of counsel during sentencing. We affirm.

  Appellant elected to be sentenced by a jury. Appellant plead "not true," to the enhancement paragraph in the court's charge, and the State proceeded to offer evidence of Appellant's twenty-eight prior convictions. The State offered Exhibits Four through Thirty-One and the testimony of Richard Hamb, a Dallas County Sheriff's Office Identification Section fingerprint expert. Mr. Hamb testified that he obtained Appellant's fingerprints several days prior to trial in order to compare them to the prints identifying the offender convicted of the prior offenses. According to Mr. Hamb's analysis, the Appellant's fingerprints matched those in the prior offense files, and he concluded that Appellant was the same individual who was convicted on twenty-seven of the prior occasions based on his fingerprint analysis. As for the

twenty-eighth conviction, an identity misuse case, Mr. Hamb testified that the file fingerprint was not sufficient for a comparison, but he was able to identify Appellant as the defendant in that case based on his involvement in the prior investigation. The State also introduced Exhibits Thirty-Two and Thirty-Three; summaries of the convictions Mr. Hamb linked to Appellant. Appellant's attorney did not object to the introduction of the evidence linking Appellant to the prior offenses. The jury found the enhancement paragraph "true" and sentenced Appellant to twenty years' imprisonment.

Appellant presents a single issue for our review. He contends that he received ineffective assistance of counsel when his attorney failed to object to the admission of State's Exhibits Four through Thirty-One. Specifically, Appellant contends that his attorney should have objected to the evidence of his prior convictions on the basis that three of the exhibits were lacking judgments and sentences. He also contends that his attorney should have objected to the admission of the conviction summaries.

We review claims of ineffective assistance of counsel under a two-pronged test. First, an appellant must establish counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Mallet*, 65

S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallet*, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002).

When we review a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771. Allegations of ineffectiveness must be firmly founded in the record. *Mallet*, 65 S.W.3d at 65. The record on direct appeal will generally be insufficient to show that counsel's representation was so deficient as to meet the first prong of the *Strickland* analysis because the reasonableness of counsel's choices often involve facts that do not appear in the appellate record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). An appellant challenging trial counsel's performance, therefore, faces a difficult burden and a substantial risk of failure. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant argues that he received ineffective assistance of counsel when his attorney failed to object to the admission of evidence of his prior offenses. However, the record does not demonstrate that counsel had an unprofessional reason for failing to object, nor does it contain an instance where counsel had an opportunity to explain his decision. To overcome the first prong of *Strickland*, the appellant must produce a record affirmatively demonstrating the objectively unprofessional conduct. *See Bone*, 77 S.W.3d at 835. Without such a record, we are bound by the presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and that the challenged action can be considered reasonable trial strategy. *Jackson*, 877 S.W.2d at 771. In addition, without proof of unprofessional conduct we cannot determine

that Appellant's defense was prejudiced by the representation. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771.  Therefore, we overrule Appellant's sole issue and affirm the judgment.

May 8, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)